BUTLER v. ARKANSAS NATURAL GAS CORPORATION.

Opinion delivered October 19, 1931.

W. T. Saye and J. N. Saye, for appellant.

Jeff Davis, for appellee.

HUMPHREYS, J. Appellee brought suit in the chancery court of Ouachita County against appellant to recover $199.17 for fuel gas furnished to operate a certain oil leasehold and for $579.42 for fuel gas furnished to operate another certain leasehold, both belonging to ap-

pellant, and to enforce its lien against said oil properties for said amounts.

Appellant filed an answer denying liability on account of fuel gas thus furnished.

The cause was tried upon the pleadings and testimony, resulting in a decree in accordance with the prayer of the complaint, from which is this appeal.

The record reflects that fuel gas of the amounts and value alleged was furnished to and used by appellant in the operation of his leases in excess of 80 per cent. of the casinghead gas purchased and received from appellant by appellee under contract fixing the price and time of payment for the casinghead gas. In addition to the cash price appellant was to receive for the casinghead gas, appellee agreed to furnish fuel gas for the operation of the leases to appellant in accordance with paragraph 11 of the written contract between them, which is as follows:

"Buyer shall return, free of cost to sellers, residue or fuel gas to a mutually convenient point on said lease, such gas to have sufficient volume and pressure for the economical operation of said lease, for economical domestic use by seller's employees residing thereon, and for the fulfillment of any lease grant obligations, provided that the number of cubic feet of fuel gas so furnished each month shall not, in any event, exceed 80 per cent. of the total number of cubic feet of casinghead gas received by the buyer from the above described property."

The amount sued for was the price of the fuel gas used by appellant in excess of 80 per cent. of the amount of casinghead gas drawn from appellant's wells on said oil properties.

Appellant's contention for a reversal of the decree is that, although he used fuel gas in excess of 80 per cent. of the casinghead gas drawn from his wells, under paragraph 11 of the contract he was to have all the fuel gas he needed to operate his leases without additional cost. The language of the paragraph is unambiguous, and will not bear the construction placed upon it by appellant, for it states in language too clear to be misunderstood

that the number of cubic feet of fuel gas to be furnished each month shall not, in any event, exceed 80 per cent. of the total number of cubic feet of casinghead gas received by appellee from the properties of appellant.

Appellant contends, however, that he should be released from payment for the excess fuel gas furnished him because he notified appellee that he would not pay for fuel gas in excess of 80 per cent. of the amount of casinghead gas bought from him. The equipment and connections were so arranged that appellant could use any amount of fuel gas he needed. It passed through a gas meter open to his observation and inspection, the quantity used by him being under his control. The gas meter was installed for his benefit, and he should not have used fuel gas in excess of the maximum amount specified in the contract unless he expected to pay for it. When he used more, there was an implied contract that he would pay the market price for the excess amount which he could not satisfy or settle by a written notice that he would not pay for it. His acceptance and use of the excess rendered him liable therefor.

The decree is therefore affirmed.